# Kirkendall, Appellant, *v.* Luzerne County.

*Public officers—County treasurer—Compensation—State tax.*

A county treasurer is not entitled to commissions on any part of the taxes on personal property collected by him, as agent for the county and transmitted to the state treasury.

Argued Jan. 15, 1904.   Appeal, No. 49, Jan. T., 1904, by defendant, from judgment of C. P. Luzerne Co., Dec. T., 1902, No. 539, on case stated in suit of Fred. C. Kirkendall v. Luzerne County.   Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Case stated to determine right to commissions.          -
The opinion of the Superior Court states the case.
The court entered judgment for defendant on the case stated.

*Error assigned* was in entering judgment for defendant on case stated.

*James L. Lenahan,* for appellant.

*William S. McLean,* for appellee.

OPINION BY PORTER, J., July 28, 1904:

The plaintiff was the treasurer of Luzerne county, and, as the agent of the county, collected and transmitted to the state treasury as required by law the taxes on personal property. The plaintiff asserted the right to commissions at the rate of one per centum upon the whole amount of the taxes on personal property so collected. The county authorities conceded his right to commissions on the one fourth of the fund which under the present law the state retains, but denied his right to commissions on the three fourths thereof which is returned to the county treasury. A case stated was agreed upon under the terms of which the court was only authorized to enter a judgment for commissions upon either the whole amount or one fourth thereof. The right of the plaintiff to commissions on any part of this fund has been definitely determined against his contention by the decision of the Supreme Court in the case of Philadelphia v. McMichael, 208 Pa. 297. The plaintiff was not entitled to commissions on any part of the taxes on personal property collected by him, as agent for the county, and transmitted to the state treasury.

The judgment is affirmed.